OPINION
{¶ 1} Defendant-appellant Dwaine Dukes ("appellant") appeals from the judgment of the Lake County Court of Common Pleas classifying him as a sexual predator.
{¶ 2} On September 21, 1987, the Lake County Grand Jury returned an indictment against appellant, charging him with three counts of rape, in violation of R.C. 2907.02, and two counts of gross sexual imposition, in violation of R.C. 2907.05. On October 29, 1987, appellant pled guilty to three counts of attempted rape, lesser-included offenses of rape as charged in the indictment. Two counts of gross sexual imposition were nolled. The victim was appellant's daughter, then aged seven years. The trial court sentenced appellant to a term of five to fifteen years.
{¶ 3} On May 31, 2001, a sexual predator hearing was held. Dr. John Fabian testified on appellant's behalf. Dr. Fabian interviewed appellant several times and administered various tests regarding personality, mental health, intelligence, achievement, and substance abuse. Dr. Fabian noted appellant did not have a history of sexual offenses. Appellant had an adjustment problem in prison, displaying antisocial behavior. Appellant entered two treatment programs for sexual offenders but failed to complete either program. Appellant was diagnosed with pedophilia, an antisocial personality disorder, and substance abuse problems. Appellant had a history of serious nonsexual violence, which was criminal in nature. Based on appellant's lack of prior sex offenses and that the victim was appellant's daughter, Dr. Fabian concluded appellant had a low to moderate risk of re-offending. Dr. Fabian admitted some of the tests given to appellant indicated he had a higher risk of re-offending.
{¶ 4} At the hearing, the trial court found that appellant was 32 years old at the time of the offense, he had a prior violent criminal history, that the victim was between the ages of seven and eight at the time of the offense, appellant had been diagnosed as having pedophilia traits and has an antisocial personality. He demonstrated a pattern of abuse because three incidents of sexual contact occurred. Appellant threatened the victim not to tell anyone. Appellant continued to have difficulty controlling his anger while in prison. He was diagnosed as a regressed child molester, meaning he would victimize available children in the family. The court noted appellant had a moderate plus risk of re-offending. The trial court determined, by clear and convincing evidence, that appellant was a sexual predator.
{¶ 5} On June 1, 2001, the trial court issued a judgment entry finding appellant to be a sexual predator. In a judgment entry issued on June 7, 2001, the trial court stated it had reviewed the pre-sentence report, the victim impact statement, the recommendation of the Ohio Department of Rehabilitation and Correction, and the psychological evaluation. The court found the statutory factors of appellant's age, his prior criminal record, the age of the victim, his mental illnesses, that the sexual conduct included multiple episodes demonstrating a pattern of abuse, that appellant used cruelty or threats of cruelty in the commission of the offense, and that the psychological report determined appellant was a regressed child molester-type to be present in this case. The court found, by clear and convincing evidence, that appellant is a sexual predator.
{¶ 6} Appellant raises the following assignment of error for review:
 {¶ 7} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
{¶ 8} In his sole assignment of error, appellant contends the trial court's finding that he is a sexual predator to be against the manifest weight of the evidence. Appellant argues the evidence admitted below does not support a finding, by clear and convincing evidence, that he is likely to engage in sexually oriented offenses in the future. Appellant argues that he was 46 years of age at the time of the hearing, indicating a lower risk of recidivism. Appellant points out that he had no prior sex offenses and that there was only one victim, who was not a stranger. Appellant states he participated in various programs while in prison in an effort to address his problems. Appellant contends the trial court erred by relying on hearsay evidence found in letters written by the victim and her grandmother alluding to unsubstantiated claims he sexually abused other children.
{¶ 9} A trial court's sexual predator determination will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook (1998),83 Ohio St.3d 404. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed and a new trial ordered. State v. Swank, 11th Dist. No. 98-L-049, 2001 Ohio 8833, 2001 Ohio App. LEXIS 5846.
{¶ 10} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
{¶ 11} In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
{¶ 12} A trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. A trial court may rely on one factor more than others in determining if an offender qualifies as a sexual predator. State v. King (Dec. 29, 2000), 11th Dist. No. 99-G-2237, 2000 Ohio App. LEXIS 6191. Even if only one or two statutory factors are present, the trial court may find the offender to be a sexual predator if the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a sexually oriented offense in the future. The trial court must reference the relevant factors in the judgment entry or on the record, but need not delineate the underlying reasons why it found certain factors applicable. Swank, supra. The record should include the particular evidence relied upon by the trial court in deciding an offender is a sexual predator. State v. Eppinger (2001), 91 Ohio St.3d 158, 166.
{¶ 13} The trial court, both at the hearing and in its judgment entry, stated the factors it relied upon in determining that appellant is a sexual predator. Appellant's primary contention is that he is not likely to re-offend. The record reveals that appellant had an extensive violent criminal history prior to committing the sexual abuse. Appellant's daughter was only seven years old at the time the abuse began. Appellant argues that, because the victim was his daughter, he is less likely to abuse another child than if the victim had been a stranger. However, appellant held a position of trust with the victim, his own daughter. See State v. Minier, 11th Dist. No. 2000-P-0025,2001 Ohio 4285, 2001 Ohio App. LEXIS 4411. This court has previously held that multiple episodes of abuse, occurring over an extended period of time, may indicate that the offender's behavior was abusive. State v.Balaban, 11th Dist. No. 98-L-215, 2001 Ohio 4325, 2001 Ohio App. LEXIS 4292. In this case, there were multiple instances of abuse, taking place over a period of time. Appellant threatened the child in order to obtain her silence.
{¶ 14} Appellant has a history of alcohol abuse. He has been diagnosed with having an anti-social personality and pedophilia. Although appellant downplays the likelihood of recidivism, his expert witness admitted some of appellant's scores on various diagnostic tests indicate at least a moderate risk of re-offending. As a regressed child molester, appellant may likely victimize an available child, if the opportunity arises.
{¶ 15} Appellant never completed any of the programs he enrolled in which are designed to assist sex offenders in overcoming their behavior. He continued to display difficulty controlling his temper in prison. There is little evidence to support appellant's contention that he seriously tried to address his problems.
{¶ 16} Appellant also objects to the admission into evidence of letters written by the victim and her maternal grandmother. In the letters, the victim and her grandmother both state that appellant molested other victims. Appellant asserts the trial court erred by considering this unreliable hearsay.
{¶ 17} Appellant did not object to the admission of the letters on the grounds of hearsay at the hearing. Therefore, appellant has waived any assertion of error on this issue absent plain error. Crim.R. 52 (B). Plain error occurs when, but for the error, the outcome clearly would be otherwise. Cook, supra.
{¶ 18} A trial court is permitted to use reliable hearsay when determining whether an offender should be classified as a sexual predator because the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. King, supra. A victim impact statement generally is considered to be reliable. See Minier, supra.
{¶ 19} The letters at issue were not part of a victim impact statement. The trial court never mentioned multiple victims either at the hearing or in its judgment entry. There is nothing in the record supporting appellant's argument that the trial court relied upon this information in making its determination that appellant is a sexual predator. Plain error cannot be found when there is no showing that the trial court relied upon the disputed evidence in arriving at its determination.
{¶ 20} After reviewing the entire record and weighing all of the evidence, this court cannot find that the trial court lost its way in determining that appellant is a sexual predator and created a manifest miscarriage of justice. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, J., MARY DeGENARO, J., Seventh Appellate District, sitting by assignment, concur.